UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LUIS GEOVANNY CAGUANA-CAGUANA,<br><br>Petitioner,<br><br>v.<br><br>ANTONE MONIZ, Superintendent, Plymouth County Correctional Facility; PATRICIA HYDE, Field Office Director; MICHAEL KROL, HSI New England Special Agent in Charge; TODD LYONS, Acting Director U.S. Immigration and Customs Enforcement; KRISTI L. NOEM, U.S. Secretary of Homeland Security; and PAMELA BONDI, U.S. Attorney General,<br><br>Respondents. | Civil Action No. 1:25-cv-13142-IT |

## MEMORANDUM & ORDER

November 13, 2025

TALWANI, D.J.

    Petitioner Luis Geovanny Caguana-Caguana is an Ecuadorian national residing in Massachusetts. Pet. ¶ 1 [Doc. No. 1]. On August 20, 2019, Petitioner's I-360 Special Immigrant Petition was approved. Pet., Ex. A [Doc. No. 1]. Later that year, on September 27, 2019, Petitioner filed a Form I-485 Application to Register Permanent Residence or Adjust Status. Pet., Ex. B [Doc. No. 1]. On February 10, 2022, the Boston Immigration Court dismissed Petitioner's removal proceedings. Pet. ¶ 5 [Doc. No. 1]. Petitioner alleges he does not have a removal action currently pending. Id.

    On or about October 17, 2025, federal immigration officials arrested Petitioner in Vermont. Id. ¶ 1. Petitioner was subsequently transferred to ICE custody in Massachusetts and is

currently detained at the Plymouth County Correctional Facility in Plymouth, Massachusetts. Id. ¶¶ 1, 23. On October 27, 2025, Petitioner filed his Petition for Writ of Habeas Corpus [Doc. No. 1] with this court. Petitioner contends that he "is subject to detention, if at all, pursuant to 8 U.S.C. § 1226(a)" and that "under 8 U.S.C. § 1226(a), Petitioner must, upon his request, receive a custody redetermination hearing[.]" Id. ¶¶ 12–13. Petitioner "requests such a bond hearing." Id. ¶ 14.

In response, Respondents assert that Petitioner's detention is authorized pursuant to 8 U.S.C. § 1225(b)(2)(A). Respondents' Abbrev. Response 3 [Doc. No. 5]. Yet, Respondents also "concede that the result of this case is controlled by this Court's recent decisions in" Doe v. Moniz, __ F. Supp. 3d __, 2025 WL 2576819 (D. Mass. Sept. 5, 2025), Elias Escobar v. Hyde, 2025 WL 2823324 (D. Mass. Oct. 3, 2025), Da Silva v. Hyde, No. 25-cv-12638-IT (D. Mass. Oct. 7, 2025), and Venancio v. Hyde, No. 25-cv-12616-IT (D. Mass. Oct. 9, 2025). Id. at 1. Respondents note that in those cases "this Court held that 8 U.S.C. § 1226(a)—not § 1225(b)—governed the petitioner's detention." Id. at 3. Accordingly, Respondents agree that "[s]hould the Court apply the reasoning of those cases here, it would reach the same result." Id.

Nothing in the record indicates that Petitioner was detained under 8 U.S.C. § 1225 rather than 8 U.S.C. § 1226. The court finds the reasoning in Doe and Elias Escobar remains correct. The Board of Immigration Appeals' decision in Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025), is unpersuasive and does not change the analysis. See Elias Escobar, 2025 WL 2823324, at *3 (citing cases reaching the same conclusion).

The Petition for Writ of Habeas Corpus [Doc. No. 1] is therefore GRANTED as follows. No later than November 20, 2025, Caguana-Caguana must be provided a bond hearing pursuant to 8 U.S.C. § 1226 or, if the immigration judge declines to conduct a bond hearing based on

2

<u>Matter of Yajure Hurtado</u>, Respondents shall so advise the court by that date so that this court may conduct the bond hearing. Any decision by the immigration judge to retain Caguana-Caguana in custody following a bond hearing pursuant to 8 U.S.C. § 1226 shall set forth the reasons for the continued detention.

    IT IS SO ORDERED.

November 13, 2025                                                      /s/ Indira Talwani
                                                                                United States District Judge